FRANKLIN MILLS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11423.    Promulgated September 7, 1927.

1. The cost of repairing a drive belt was a proper deduction from gross income under section 214(a)(1) Revenue Act of 1918.

2. Payments made to a hospital, upon condition that the employees of petitioner shall receive hospital service at less than the prevailing rates, are deductible as ordinary and necessary business expenses.

3. Where the market for finished goods is abnormal at date of inventory, the market reflected by sales of one-half the inventory within a short period from end of fiscal year, may be used for inventory purposes.

*William M. Williams, Esq.,* and *E. B. Quiggle, Esq.,* for the petitioner.

*P. J. Rose, Esq.,* for the respondent.

This proceeding results from the determination by respondent of deficiencies in tax for the fiscal years ended August 31, 1919, and August 31, 1920, in the respective amounts of $22,680.92 and $13,-052.22. In petition filed, six errors are assigned, but at the hearing of this proceeding, three errors were abandoned, leaving in controversy the following averments of error: (1) The respondent erred in disallowing as a deduction, for the fiscal year 1919, an amount of $1,052.20, representing repairs to a drive belt; (2) the respondent erred in disallowing as a deduction for fiscal year 1920, an amount of $1,480, representing payment to the Salvation Army Hospital; (3) the respondent was in error in increasing net income for fiscal year 1920, representing an adjustment of the inventory of finished goods as of August 31, 1920.

#### FINDINGS OF FACT.

Petitioner is a South Carolina corporation, with its principal office at Greenville, and during the fiscal years 1919 and 1920, was affiliated with the Toccoa Cotton Mills. The income and profits taxes for the fiscal years 1919 and 1920 were computed on a consolidated basis. The issue relating to the claimed deduction of $1,050.20, is by the

Toccoa Cotton Mills, and the issues relative to the inventory and claimed deduction of $1,480 are by the Franklin Mills.

In July, 1919, the Toccoa Cotton Mills paid $1,050.20 for having inserted one new ply in a three-ply main drive belt in its mills at Toccoa, Ga. The belt had slipped off and caught on a set screw and the under side of the belt became ripped. The tear became worse with use, and it became necessary to scrape off the under ply and put in a new ply. The said amount of $1,050.20 was the cost of the material and work incident to making the repair. On the books of account of the Toccoa Cotton Mills, the item was charged to repairs.

The petitioner had an understanding with other cotton mills located at Greenville, S. C., and vicinity, to make contributions to a hospital to be operated by the Salvation Army, which would give hospital service to the employees of its mill, at a lower price than other hospitals would have charged. During the fiscal year 1920, the petitioner paid to the Salvation Army, for the purpose aforesaid, the sum of $550.

On August 31, 1920, petitioner had on hand 138,971 pounds of finished goods, consisting of cotton sheeting and drills, which it valued at $69,485.50, and so reported in its income-tax return for the fiscal year 1920, and the respondent increased the value of finished goods to $82,309.86.

For the fiscal year 1920, petitioner valued its inventory of finished goods on the basis of cost or market, whichever was lower, and at the close of the fiscal year 1920, market was lower than cost.

During August, 1920, the market for finished cotton goods of the class manufactured by petitioner, was demoralized. Contracts for the sale of goods were being canceled, there was a lack of demand, and market conditions were abnormal. Sales were spasmodic and it was difficult to find purchasers.

The inventory of finished goods consisted of slightly different classes of goods but were all made out of the same yarn and cotton and the poundage price is the same within a possible variation of one cent per pound. During the months of August, September, and October, 1920, more than one-half of the total inventory on hand at close of fiscal year 1920, was sold at an average price of 55 cents per pound.

OPINION.

MILLIKEN: The main drive belt consisted of three plys. The under ply became damaged by reason of a tear and the petitioner paid the sum of $1,050.20 to cause the belt to be repaired. This expenditure merely kept the belt in an ordinarily efficient operating

condition and did not increase the normal useful life of the belt, or add to its ordinary value. The respondent was in error in refusing to allow the deduction claimed.

It is clear, from the evidence of record, that the sum of $550 paid by petitioner to the Salvation Army for a hospital operated by it, on the condition that the employees of petitioner would be given hospital service at reduced rates, constitutes an ordinary and necessary expense, deductible for the fiscal year 1920.

The third issue presents the principal item in this proceeding and involves the inventory of petitioner of finished goods as of August 31, 1920. There can be no question that the market at the end of the fiscal year, for the goods in question, was most abnormal. Sales were infrequent; contracts of purchase were being freely canceled. It is admitted by counsel for the respective parties, that the market for finished goods obtaining on August 31, 1920, should not be arbitrarily taken. Counsel for petitioner insists that a reasonable period should be taken following the close of the fiscal year, in order that market might be correctly determined. However, the reasonable period insisted upon would cause a determination to be based upon market prices obtaining in the year 1921, and even subsequent to the close of the fiscal year August 31, 1921. The sale by petitioner of one-half of its finished goods, within 60 days before and following the close of its fiscal year, represents to us a reasonable period for determining the market for the finished goods, and it follows that petitioner's inventory of finished goods should be valued at the market thus established, of 55 cents per pound.

Reviewed by the Board.

*Judgment will be entered on 15 days' notice, under Rule 50.*